CASE NO. 21-90018

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

MUSIC SPECIALIST, INC. AND SHERMAN NEALY,
**Plaintiffs-Appellants,**

v.

WARNER CHAPPELL MUSIC, INC. AND ARTIST PUBLISHING GROUP, LLC,
**Defendants-Appellees.**

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

**ANSWER TO PLAINTIFFS' PETITION FOR PERMISSION TO APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

---

**KAREN L. STETSON
JONATHAN L. GAINES**
GrayRobinson, P.A.
333 S.E. 2nd Avenue
Suite 3200
Miami, Florida 33131
Telephone (305) 416-6880

Counsel for Appellees

#44795946 v1

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Appellees, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1, make the following certification regarding interested persons and corporate disclosure:

Artist Publishing Group, LLC

Atlantic Recording Corporation

Baker, Garfield

Becerra, Honorable Jaqueline (United States Magistrate Judge)

Cowan, Liebowitz & Latman

Gaines, Jonathan L.

GrayRobinson, P.A.

Herman, Peter

King, Jonathan

Lewis, Chelsea

Lewis Law, LLC

Music Specialist, Inc.

Nealy, Sherman

Peter Herman, P.A.

Ruiz II, Honorable Rodolfo (United States District Judge)

Salzano, Frank

Salzano, Lampert & Wilson, LLP

#44795946 v1

Smith, Byron

Stetson, Karen L.

Talbot, Carlton

Warner Chappell Music, Inc.

Williamson, Brady

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT ..................................... ii

TABLE OF CONTENTS ............................................................................ iv

TABLE OF CITATIONS ............................................................................. v

I.   DEFENDANTS AGREE THAT IMMEDIATE APPELLATE
     REVIEW PURSUANT TO 28 U.S.C. § 1292(b) IS
     APPROPRIATE ................................................................................. 1

II.  THE QUESTION PRESENTED ........................................................ 1

III. THE APPEAL SHOULD BE ALLOWED AND IS
     AUTHORIZED BY STATUTE AND RULE ..................................... 2

CONCLUSION ............................................................................................ 5

CERTIFICATE OF COMPLIANCE ............................................................ 6

CERTIFICATE OF SERVICE ..................................................................... 6

#44795946 v1

# TABLE OF CITATIONS

## **CASES**

*Habersham Plantation Corp. v. Molyneux*,
No. 10-cv-61526, 2011 WL 13216994 (S.D. Fla. Aug. 19, 2011) ................. 4

*McFarlin v. Conseco Servs., LLC*,
381 F.3d 1251 (11th Cir. 2004) ................................................................. 2

*Navarro v. Proctor & Gamble Co.*,
No. 17-cv-406, 2021 WL 184591 (S.D. Ohio Jan. 19, 2021) ........................ 4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
572 U.S. 663 (2014) ................................................................... 1, 3, 4

*Polar Bear Prods., Inc. v. Timex Corp.*,
384 F.3d 700 (9th Cir. 2004) ....................................................... 3

*Sohm v. Scholastic Inc.*,
959 F.3d 39 (2d Cir. 2020) ......................................................... 3, 4

*Starz Entm't, LLC v. MGM Domestic Television Distrib., LLC*,
No. 20-cv-4085, 2021 WL 566500 (C.D. Cal. Jan. 5, 2021) ........................ 3

*Webster v. Dean Guitars*,
955 F.3d 1270 (11th Cir. 2020) ................................................................. 4

*Werner v. BN Media, LLC*,
No. 19-cv-610, 2020 WL 4728814 (E.D. Va. Aug. 7, 2020) ........................ 4

## **STATUTES**

28 U.S.C. § 1292(b) ................................................................. *passim*

## I. DEFENDANTS AGREE THAT IMMEDIATE APPELLATE REVIEW PURSUANT TO 28 U.S.C. § 1292(b) IS APPROPRIATE

Defendants Warner Chappell Music, Inc. and Artist Publishing Group, LLC ("Defendants") agree that this Court should exercise immediate appellate review, pursuant to 28 U.S.C. § 1292(b), of the district court's determination that "even where the discovery rule dictates the accrual of a copyright claim, damages in this copyright action are limited to the three-year lookback period as calculated from the date of the filing of the Complaint pursuant to the Copyright Act and *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014)." Certification Order, DE 262, at 1-2. As the Certification Order details, all three elements required by 28 U.S.C. § 1292(b) are present. *See id.* at 1 (certification appropriate "(1) where the case presents a controlling question of law; (2) where there is a substantial ground for difference of opinion; and (3) where the appeal will materially advance the ultimate termination of the litigation.").

## II. THE QUESTION PRESENTED

Defendants believe the district court appropriately stated the question presented as follows:

> The Court hereby certifies for immediate appeal its summary judgment determination that, even where the discovery rule dictates the accrual of a copyright claim, damages in this copyright action are limited to the three-year lookback period as calculated from the date of the filing of the Complaint pursuant to the Copyright Act and *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014).

*Id.* at 1-2.

### III.  THE APPEAL SHOULD BE ALLOWED AND IS AUTHORIZED BY STATUTE AND RULE

**a.  The Applicability of the Three-Year Lookback for Damages Is a Controlling Question of Law.**

Defendants agree with Plaintiffs that the applicability of the three-year limitation for damages is a controlling question of law, as its application will effectively end this litigation. *Id.* at 2 (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). Because the vast majority of Plaintiffs' purported damages fall outside the three-year period prior to the filing of this action, the three-year lookback on damages would render Plaintiffs' pursuit of the action futile and impractical, even if the action were ultimately found to be timely filed.[1]

**b.  There Exists a Difference of Opinion Among District Courts – and Only One Circuit Court Post-*Petrella* Has Addressed the Issue.**

---

[1] While Plaintiffs' Petition erroneously states that the district court held "that Plaintiffs' claims should not be barred by the three-year statute of limitations," Plaintiffs' Petition at 12, the district court made no such holding. Rather, the court merely denied Defendants' Motion for Summary Judgment on the issue of whether Plaintiffs' claims were extinguished in their entirety on statute of limitations grounds. The court determined that whether Plaintiffs "knew or should have known" of their alleged claims was an issue for the trier of fact to determine at trial, based on the conclusion that "reasonable minds could differ." Certification Order, DE 256, at 12-13. Plaintiffs' Motion for Partial Summary Judgment (DE 175), which was denied, did not seek summary judgment on the issue of whether Plaintiffs' claims were timely filed but rather argued that the discovery rule "is applicable," and further, that it permits a party to seek damages outside the three-year lookback. Pls.' Mem., DE 175, at 11. For present purposes, the salient point is that the district court's determination of the applicability of the three-year lookback for damages is a controlling question of law, because it makes prohibitive the effort Plaintiffs will have to expend at trial attempting to prove their case, including, *inter alia*, that their claims are timely.

Defendants agree that a substantial ground for difference of opinion exists, as articulated by the district court in the Certification Order. The district court relied upon the Second Circuit's post-*Petrella* opinion in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020), for its holding that copyright damages are always limited to the three-year period prior to filing suit but also acknowledged that the Ninth Circuit's pre-*Petrella* decision in *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), reached a different conclusion:

> [A] split of authority has developed among district courts on the applicable damages period, and consequently, there exists substantial grounds for a difference of opinion as contemplated by section 1292(b). The Court agrees with Defendants that the Supreme Court's decision in *Petrella* is binding on this action and that, pursuant to the holding in *Petrella,* the three-year lookback for damages calculations must be applied despite operation of the discovery rule for accrual purposes. The Second Circuit adopted this position in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020)—the only Circuit Court, post-*Petrella*, to address the issue. Plaintiffs, in contrast, urge the Court to adopt the Ninth Circuit's *pre-Petrella* holding in *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), which Plaintiffs contend was not affected by *Petrella*. *See Starz Entm't, LLC v. MGM Domestic Television Distrib., LLC*, No. 20-04085, 2021 WL 566500 (C.D. Cal. Jan. 5, 2021). Both the Ninth Circuit in *Polar Bear* pre-*Petrella* and the district court in *Starz Entertainment* post-*Petrella* rejected the three-year damages limitation in cases where the discovery rule was applicable. While the Court disagrees with Plaintiffs, it notes that this is an issue of first impression in the Eleventh Circuit and finds there to be sufficient difference in the case law to warrant review pursuant to section 1292(b).

Certification Order, DE 262, at 2-3.

#44795946 v1

While there is no direct conflict between circuit courts applying *Petrella* – *Sohm* is the only circuit decision addressing the issue – there is a sufficient split of authority among the district courts to warrant appellate review pursuant to § 1292(b). *See, e.g.*, *Navarro v. Proctor & Gamble Co.*, No. 17-cv-406, 2021 U.S. Dist. LEXIS 9237, at *96-97 (S.D. Ohio Jan. 19, 2021) (recognizing that the court was bound to apply a three-year cap on damages per *Petrella* even though it conflicted with earlier Sixth Circuit precedent that would have otherwise controlled, relying on the rationale of *Sohm*); *Werner v. BN Media, LLC*, No. 19-cv-610, 477 F. Supp. 3d 452, 456 (E.D. Va. 2020) (quoting *Sohm*, 959 F.3d at 52) (while discovery rule determines whether suit was timely, "a three-year lookback period from the time a suit is filed . . . determine[s] the extent of the relief available.").[2]

---

[2] As the district court noted, the question of whether the three-year lookback period limits damages even when the discovery rule governs the accrual of the cause of action is an issue of first impression in the Eleventh Circuit. Certification Order, DE 256, at 7. Plaintiffs cite the pre-*Petrella* district court order in *Habersham Plantation Corporation v. Molyneux* as indicative of a "split" within the Circuit. No. 10-cv-61526, 2011 U.S. Dist. LEXIS 117511 (S.D. Fla. Aug. 19, 2011). However, the relevant question addressed in that decision was not whether damages are limited to the three-year period before filing but rather whether the discovery rule is applicable to copyright actions in this Circuit, *id.*, at *15, a question since put to rest by *Webster v. Dean Guitars*, 955 F.3d 1270, 1276-77 (11th Cir. 2020) (expressly recognizing applicability of discovery rule in copyright actions).

### c. The Appeal Will Materially Advance the Ultimate Termination of the Litigation.

As set forth above, Defendants agree that the determination of this issue will materially advance the ultimate termination of the litigation, as both the Plaintiffs and district court have acknowledged. Plaintiffs expressly acknowledge that they will not pursue this litigation further if their potential damages are limited to the three-year lookback period imposed by the district court.

## CONCLUSION

Based on the forgoing, immediate appellate review of the question presented is appropriate under 28 U.S.C. § 1292(b), and Plaintiffs' Petition should be granted.

Respectfully submitted,

GrayRobinson, P.A.
Attorneys for Warner Chappell Music, Inc. and Artist Publishing Group, LLC
333 S.E. Second Avenue
Suite 3200
Miami, Florida 33131
Telephone (305) 416-6880
Facsimile (305) 416-6887

By: /s/ Karen L. Stetson
    Karen L. Stetson
    Florida Bar No. 742937
    Jonathan L. Gaines
    Florida Bar No. 330361

# CERTIFICATE OF COMPLIANCE
## AS TO FONT SIZE AND WORD COUNT

This brief complies with the typeface and typestyle requirement of Fed. R. App. 32(a)(5) and (6).  It has been prepared in a proportionately spaced typeface, in Times New Roman 14 point font.  This brief complies with the type-volume limitation of Fed. R. App. P. 5(c)(1).  It contains 1278 words, excluding the portions exempted by 11th Cir. R. 32-4.

Dated:  July 12, 2021

By: /s/Karen L. Stetson

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF to:  this 12th day of July, 2021.

By:   /s/Karen L. Stetson